**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | |
| ) | Case No. 1:17-cv-01212 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BAZAARVOICE, INC., GENE AUSTIN, CRAIG A. BARBAROSH, KRISTA BERRY, STEVE H. BERKOWITZ, JEFFREY HAWN, THOMAS J. MEREDITH, ALLISON WING, BV PARENT, LLC, BV MERGER SUB, INC., and MARLIN EQUITY PARTNERS, ) ) ) ) ) ) ) ) | CLASS ACTION |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on November 27, 2017 (the "Proposed Transaction"), pursuant to which Bazaarvoice, Inc. ("Bazaarvoice" or the "Company") will be acquired by Marlin Equity Partners ("Marlin Equity"), BV Parent, LLC ("Parent"), and BV Merger Sub, Inc. ("Merger Sub," and together with Parent and Marlin Equity, "Marlin").

2.      On November 26, 2017, Bazaarvoice's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Marlin.  Pursuant to the terms of the Merger Agreement,

shareholders of Bazaarvoice will receive $5.50 in cash for each share of Bazaarvoice stock they own.

3. On December 15, 2017, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Bazaarvoice common stock.

9. Defendant Bazaarvoice is a Delaware corporation and maintains its principal

executive offices at 10901 South Stonelake Blvd., Austin, Texas 78759. Bazaarvoice's common stock is traded on the NasdaqGS under the ticker symbol "BV."

10. Defendant Gene Austin ("Austin") has served as a director of Bazaarvoice since November 2013, as President of Bazaarvoice since April 2013, and as Chief Executive Officer ("CEO") of Bazaarvoice since February 2014.

11. Defendant Craig A. Barbarosh ("Barbarosh") has served as a director of Bazaarvoice since September 2017.

12. Defendant Krista Berry ("Berry") has served as a director of Bazaarvoice since April 2017.

13. Defendant Steve H. Berkowitz ("Berkowitz") has served as a director of Bazaarvoice since October 2015.

14. Defendant Jeffrey Hawn ("Hawn") has served as a director of Bazaarvoice since April 2015.

15. Defendant Thomas J. Meredith ("Meredith") has served as a director of Bazaarvoice since August 2010, and is the Chairman of the Board.

16. Defendant Allison Wing ("Wing") has served as a director of Bazaarvoice since April 2017.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a party to the Merger Agreement.

19. Defendant Merger Sub is a wholly owned subsidiary of Parent and a party to the Merger Agreement.

20. Defendant Marlin Equity is an affiliate of Parent and Merger Sub.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Bazaarvoice (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of November 24, 2017, there were approximately 86,066,350 shares of Bazaarvoice common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to

protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

28.     Founded in 2005, Bazaarvoice is headquartered in Austin, Texas with offices across North America and Europe.

29.     Bazaarvoice helps brands and retailers find and reach consumers.  Each month in the Bazaarvoice Network, more than one-half billion consumers view and share authentic consumer-generated content, including ratings and reviews as well as curated visual content, across 5,000 brand and retail websites.  This visibility into shopper behavior allows Bazaarvoice to capture unique first-party data and insights that enable the Company's targeted advertising and personalization solutions.

30.     On November 26, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement with Marlin.

31.     Pursuant to the terms of the Merger Agreement, shareholders of Bazaarvoice will receive $5.50 in cash for each share of Bazaarvoice stock they own.

32.     On December 15, 2017, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

33.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

34.     The Proxy Statement omits material information regarding Bazaarvoice's financial projections and the analyses performed by the Company's financial advisor, GCA

Advisors, LLC ("GCA").

35.     With respect to Bazaarvoice's financial projections, the Proxy Statement fails to disclose:  (i) the line items used to calculate Adjusted EBITDA, including net loss, stock-based expense, contingent consideration related to acquisitions, depreciation and amortization, restructuring charges, out of period sales tax refunds, integration and other costs related to acquisitions, other non-business costs and benefits, income tax expense, and other (income) expense; (ii) the line items used to calculate free cash flow, including the Company's projected estimate of aggregate increases in net working capital, cash taxes, capitalized internal use software, and increases in property, plant, and equipment; (iii) the line items used to calculate unlevered free cash flow, including separate estimated projected amounts for increases in net working capital, cash taxes, capitalized internal use software, and increases in property, plant, and equipment; (iv) the estimated impact of tax benefits from the carryforward of net operating losses; and (v) a reconciliation of all non-GAAP to GAAP metrics.

36.     With respect to GCA's *Comparable Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by GCA in the analysis.

37.     With respect to GCA's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose the specific inputs and assumptions underlying the terminal growth rates of 0.0% to 4.0%.

38.     With respect to GCA's analysis of premiums paid, the Proxy Statement fails to disclose the transactions observed by GCA as well as the premiums paid in such transactions.

39.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40.    The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement:  (i) Background of the Merger; (ii) Recommendation of the Board of Directors and Reasons for the Merger; (iii) Opinion of GCA Advisors, LLC; and (iv) Management Projections.

41.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Bazaarvoice's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Bazaarvoice**

42.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Bazaarvoice is liable as the issuer of these statements.

44.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

45.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

46.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

47.    The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

48.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49.    Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## **COUNT II**

### **Claim for Violation of Section 20(a) of the 1934 Act**
### **Against the Individual Defendants and Marlin**

50.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.    The Individual Defendants and Marlin acted as controlling persons of Bazaarvoice within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Bazaarvoice and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52.     Each of the Individual Defendants and Marlin was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly in the making of the Proxy Statement.

54.     Marlin also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

55.     By virtue of the foregoing, the Individual Defendants and Marlin violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants and Marlin had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  December 28, 2017

**KENDALL LAW GROUP, PLLC**

By:    *Joe Kendall*

**OF COUNSEL:**

Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
Jamie J. McKey
Texas Bar No. 24045262
jmckey@kendalllawgroup.com
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone:  (214) 744-3000
Facsimile:  (214) 744-3015

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone:  (302) 295-5310
Facsimile:  (302) 654-7530

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone:  (484) 324-6800
Facsimile:  (484) 631-1305

*Attorneys for Plaintiff*